No. 2075.—N. K. Knox *v.* A. Duplantier et als.

Where more than one year has elapsed from the date of the judgment of the court *a qua* before the judgment of the Supreme Court is rendered dismissing the appeal, the appellant will not be entitled to a second appeal, the time having expired within which he could appeal. C. P. 593.

APPEAL from the District Court, parish of East Baton Rouge. *Posey*, J. *A. S. Herron*, for plaintiff and appellee, *Favrot & Lamon*, for defendants and appellants.

HOWELL, J. A motion is made to dismiss this appeal on the ground that more than one year has elapsed between the date of the rendition of the judgment and that of the order of appeal.

The judgment was rendered and signed on the first day of December, 1866. On the same day an order of appeal in the alternative was granted, returnable according to law. On the eleventh of January, 1867, a bond for a devolutive appeal was filed below, and on the twenty-sixth of February following the transcript was filed in this court. A motion to dismiss was made and submitted, with the case on its merits, on the sixth March, 1867. This motion was not disposed of until the eleventh May, 1868, when the appeal was dismissed for a cause attributable to the appellant. An application for a rehearing was made on twenty-fifth May and refused on twenty-second June, 1868. On the fourteenth July following (1868), the appellants obtained another appeal, returnable on the fourth Monday of February, 1869, and the transcript was filed here on twenty-third day of said month, when the present motion was made.

Rehearing refused.

The appellant admits that the general tenor of decisions is in favor of a strict interpretation of article 593 C. P., which declares that no appeal will lie after a year has elapsed, to be computed as to residents, from the day on which the final judgment was rendered; but he contends that this case presents the strongest claims in favor of a deviation from the general rule of law, in the fact that he was deprived by the delay (after the motion was submitted) in the appellate court of the opportunity of claiming a second appeal within the year.

We might, possibly, be unable to resist the equitable force of this position if we were vested with any discretion in the matter, and appellants were wholly without fault. They exercised their constitutional right of appeal in due time, but by their own *laches* it proved to be ineffectual, and, as said in 3 R. 115, and 17 A. 238, we know of no law that recognizes an interruption or prolongation of the delay fixed by article 593 C. P. The right to an appeal in certain cases is an absolute right, but when once exercised its second exercise is contingent.

To admit that the time, during which the appellate court holds a motion to dismiss under advisement, will have the effect contended for,

will necessitate the admission that any other delay, not caused by the appellant, will have the same effect, and the adjournment of the court, the crowded condition of the docket and the like will be causes for setting aside a positive provision of law. We deem it our duty to adhere to the law, whatever may be the hardship in particular cases.

Appeal dismissed.